WILLIAM PAPLAUSKAS *vs.* REYNOLDS MACHINERY
COMPANY.

NOVEMBER 9, 1945.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

Moss, J. This is an appeal from a decree of the superior court denying an employee's petition for relief under the workmen's compensation act, general laws 1938, chapter 300.

The case was first heard in the department of labor and a decision was there rendered awarding compensation to the petitioner for loss of wages and for medical and surgical expenses. From that decision an appeal was taken to the superior court, where, at the hearing on the merits of the case, the petitioner testified to the following effect, without being contradicted or impeached by any other evidence.

During his employment by the respondent from some date in 1936 to February 19, 1943, as a scraper, he was at times required to move heavy machinery, loaded trucks and the like. About three years after the beginning of such employment and in the course thereof he lifted, with a crowbar, a heavy piece of machinery and felt a sharp pain in his side.

About seven or eight months later he had a similar experience, in moving some heavy machinery, and a lump developed in his abdomen and he had a sharp pain there. After that he continued to have a painful lump in his abdomen and the swelling grew bigger so that he would push it back and wrap a long cloth around that region, thus holding

back the swelling. The lump was about as big as the top of his thumb and he knew then that he had a hernia but did not tell anybody about it. He continued in the employment of the respondent at the same work until the time of the accident by reason of which such employment was terminated permanently. During the entire time that he was so employed he was absent only two days from his work.

That accident occurred on February 19, 1943, near the close of the working day. According to the petitioner's testimony, which is the only testimony on this point in the case, he, at that time while working in the respondent's plant, lifted a heavy and slippery piece of iron, a part of a machine; and he slipped and hit the left part of his groin, where the hernia was, on the corner of the bench and suffered the injury by reason of which he claims compensation in this case. He then went home and was confined to his bed for a few days.

On Saturday, the next day after that accident, he had notice given by telephone to the respondent's office that he would not go to work. On the next Monday or Tuesday he consulted and was examined by Dr. George R. Mankis, who telephoned to the respondent that the petitioner could not go to work until he got "fixed". He advised the petitioner to consult Dr. John Vallone. Doctor Mankis died before this case was heard and no evidence by him was available. His bill to the petitioner for services and expenses was introduced in evidence and was for $37.

An officer of the respondent testified to the effect that within a few days after the date of the alleged accident Dr. Mankis called him by telephone and said that the petitioner had a hernia of long standing. Some time later Dr. Vallone examined the petitioner and advised him to have a surgical operation at a certain hospital, but told him that he must wait until a room there was available. He also advised the petitioner to "take it easy" in the meantime.

The record of the hospital with regard to the operation on the petitioner, which is purely clinical in nature and con-

tains no statement as to the cause of petitioner's disablement from the hernia, was introduced in evidence and showed that he was admitted on March 16, 1943, and discharged on April 1, 1943; that he had a "left indirect inguinal hernia", without complications; that he was in no acute distress; that the hernia was closed by the operation; and that his condition on discharge was "improved". The hospital bill to the petitioner was introduced in evidence and was for $91. No question was raised as to this charge.

Doctor Vallone had no present independent recollection of the case and therefore relied for his testimony as to the facts in reference thereto entirely upon the circumstances appearing in the hospital record. He testified that he operated on the petitioner for a left indirect inguinal hernia, which was not recent but had existed for more than a year, and that the bill which he had rendered for his services and which had not been paid was for $125. A written statement by him was also introduced in evidence in which he stated that the petitioner "was discharged cured" on August 12, 1943.

He further testified that if the petitioner, after having this hernia for some time, struck his left groin on a bench, the striking might cause irritation and pain at the site of the hernia. In answer to a long hypothetical question asked him by petitioner's counsel, which question assumed the undisputed evidence for the petitioner, he further testified, in substance and effect, that if the petitioner had had a hernia for more than eight years before the accident of February 19, 1943, but had lost only two days from work during the entire period of his employment with the respondent, and that then, while at work, had struck himself in the groin against the sharp corner of a work bench and as a result of that felt so ill as to be unable to go to work the next day, and shortly afterwards consulted a physician and was referred to this witness for an operation, he would say that the petitioner's previous condition of hernia would have been "lighted up" by the blow. There is nothing in the evidence, either by way of questioning by the respondent or through a medical expert

of its own, that in any way contradicts or casts any doubt upon this testimony of Dr. Vallone.

It was shown by undisputed evidence that the petitioner, at the time when he ceased to work for the respondent, was receiving wages of more than $40 per week. He, therefore, if entitled to compensation under the act, was entitled, under art. II, §10 thereof, to receive compensation at the rate of $20 per week for the period which began on February 19, 1943 and ended on August 12, 1943, together with his medical and hospital expenses.

The trial justice stated in his decision that "if the employee shows by a fair preponderance of the evidence that an existing hernia was aggravated or lighted up by the use of external force, then compensation is due and payable under such a situation". He then stated that the hernia involved in this case "came or developed in 1938". He next called attention to the petitioner's testimony as to an accident on February 19, 1943, in the course of his employment by the respondent; that after that he was unable to work; and that he consulted a doctor and was sent to a hospital and there was operated on for a hernia.

The trial justice then called attention to the facts that the hospital report stated that the petitioner's chief complaint was "Mass in left inguinal region"; that he had stated that he had had a hernia "for the last seven or eight years, easily reduced"; and that other regional history was essentially negative. He also called attention to the fact that the physical examination, as stated in the hospital report, was "bare of any report of any accident or of any disablement on the 19th of February, or anything around that date". In connection with this hospital report, it should be kept in mind that it shows that the petitioner was not admitted until March 16, 1943 and that the accident upon which this case is based occurred on February 19, 1943.

The petitioner contended that he was entitled to compensation on either of two grounds: first, that his disablement from the "lighting up" of a pre-existing hernia was caused

by the accident; or, secondly, that he was disabled because of an occupational hernia, which is made compensable under certain conditions by G. L. 1938, chap. 300, art. VIII, §2. It will be unnecessary to discuss petitioner's second contention, if he was entitled to recover for a disabling hernia resulting from an accident.

We stress the fact that the evidence in this case is undisputed; that it is not inherently improbable; and that it is unimpeached. The petitioner admittedly rendered long and apparently conscientious service to the respondent under difficult physical conditions until the days of the accident hereinbefore described. It was not until he had suffered that mishap that he was unable to work and for the first time consulted a doctor, following whose advice he went to a hospital and there was operated on for a hernia.

We are of the opinion that the trial justice was correct in stating, as above quoted from his decision, that "if the employee shows by a fair preponderance of the evidence that an existing hernia was aggravated or lighted up by the use of external force, then compensation is due and payable under such a situation." In his decision he also found that the hernia involved in this case "came or developed in 1938"; and that the petitioner had failed to prove, by a fair preponderance of the testimony, that his disablement in this case arose from the accident which he alleged that he suffered on or about February 19, 1943.

Before considering whether the trial justice was in error in arriving at that conclusion, we wish to state that we have consistently held, in cases under the workmen's compensation act, that if there is any legal evidence, either direct or by way of reasonable inference, to support a finding of fact by the trial justice, such finding is, by virtue of the statute, conclusive and cannot be disturbed by this court.

The controlling question in this case on the ground now under consideration is not whether the hernia was of recent origin or of long standing, but whether it was "aggravated or lighted up" into a *disabling* hernia by external force due

to accident. Apparently the trial justice was greatly impressed by the fact that the petitioner had suffered from a hernia for a number of years and this underlying fact led the trial justice to reject, upon reasoning which we find is not supported by any legal evidence, the undisputed and unimpeached evidence that the petitioner was disabled as a result of the accident.

Nowhere in his decision does the trial justice cast any doubt upon the veracity of the petitioner; and there is not the slightest trace of any evidence tending to show, even by way of reasonable inference, that the accident did not occur or that the petitioner's condition was not "aggravated or lighted up" by that accident to the extent of disabling him from work. But the trial justice minimizes all this by calling attention to the fact that the petitioner's physical examination, as stated in the hospital record, was "bare of any report of any accident or of any disablement on the 19th of February, or anything around that date." While all this is true, it does not reasonably follow that therefore the petitioner did not suffer an accidental injury at the time and in the manner established by the uncontradicted evidence on that point. The mere absence from the hospital record of any statement that an accident had happened to the petitioner gives no support to a conclusion that there was no such accident, resulting in his disablement.

The trial justice also discounts Dr. Vallone's testimony as to whether the accident, as established by the evidence, was the proximate cause of petitioner's disablement. In this connection we recall that Dr. Vallone did not see the petitioner until some considerable time after the accident; that, at the time of testifying, he had no independent recollection of petitioner's case; and that the only factual information which he had in reference thereto at that time was gleaned from the hospital record. Yet he was willing to express his opinion, in answer to a hypothetical question assuming the pertinent and undisputed facts in this case, that the peti-

tioner's previous condition of hernia could have been "lighted up" by the blow.

Since this opinion was not weakened by reason of any questioning for the respondent and was not contradicted by any medical evidence, there was no legal evidence from which the trial justice might reasonably infer the negative of the opinion expressed by Dr. Vallone and thus might reasonably conclude that the petitioner's condition of hernia was not "lighted up" by the accident. In our opinion, such conclusion was conjectural and was not based upon any reasonable inference fairly to be drawn from the uncontradicted evidence in this case. In the special circumstances appearing in the record before us we find that there was no legal evidence to justify the trial justice in denying the petitioner compensation, as herein specified, for a *disabling* hernia caused by accident. In view of this conclusion it is unnecessary for us to consider petitioner's second contention hereinbefore mentioned.

The appeal is sustained, the decree appealed from is reversed, and the parties may, on November 19, 1945, submit to this court for approval a form of decree, in accordance with this opinion, to be entered in the superior court.

*Francis R. Foley,* for petitioner.

*William E. Walsh,* for respondent.